IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAMIEN SHARELL HOWARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 16-0553-WS-M |
| | ) |
| JUDGE BERT W. RICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff Damien Sharell Howard's *pro se* Objection to Recommendation (doc. 11). On January 24, 2017, Magistrate Judge Milling entered a Report and Recommendation (doc. 9) recommending that this prisoner § 1983 action be dismissed prior to service of process as malicious, or alternatively that it be dismissed for failure to state a claim upon which relief can be granted. The undersigned now undertakes *de novo* review of those portions of the Recommendation to which objection has been made, pursuant to 28 US.C. § 636(b)(1) and Rule 72(b)(3), Fed.R.Civ.P.

Plaintiff, Damien Sharell Howard, is an Alabama prisoner serving a life sentence pursuant to a March 2013 conviction for unlawful distribution of a controlled substance. On November 2, 2016, Howard filed a *pro se* Prisoner Complaint Under 42 U.S.C. § 1983 (doc. 1) using this District Court's form pleading. In his Complaint, Howard purports to bring claims against Judge Bert W. Rice (an Escambia County Circuit Judge) and John Fountain (Clerk of the Escambia County Circuit Court). Howard's pleading alleges that Judge Rice denied his affidavit of substantial hardship and thereby obstructed his access (as an indigent inmate) to the courts to pursue a habeas corpus petition challenging that conviction. Howard's pleading further alleges that defendant Fountain, by opening his mail directed to the Probate Judge and docketing his habeas corpus petition, engaged in "constitutional mail invasion" that was "not rudimentary fair play." (*Id.* at 4-5.)

Significantly, in Section I of his form § 1983 Complaint, Howard checked the "Yes" block in response to the question, "Have you filed other lawsuits in state or federal court relating to your imprisonment?" (Doc. 1, at 3.)  Having done so, Howard was instructed by the form pleading to "describe each lawsuit in the space below," identifying the plaintiffs, defendants, court, docket number, IFP status, assigned judge, reasons for dismissal (if the case had been dismissed), date of commencement of suit, and date of ruling.  The form is clear that each such lawsuit must be enumerated separately, by instructing as follows: "If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline." (*Id.*)  In response to this question, Howard identified only one lawsuit, to-wit: a case he had filed in the U.S. District Court for the Middle District of Alabama on August 9, 2016 against Scott P. Taylor and others, bearing Civil Action No. 2:16-cv-0643-WKW-GMB (the "*Taylor* Action").[1]

Section VI of the form Complaint submitted by Howard in the case at bar is labeled "Affirmation" and reads as follows: "By my signature below, I swear or affirm under penalty of perjury that the facts set out in this complaint are true and correct." (Doc. 1, at 7.)  Howard signed his name in the appropriate signature block (above text reading "Signature of Plaintiff Under Penalty of Perjury") and dated the form October 31, 2016.

The trouble is that, as recognized in the Report and Recommendation, Howard knew the facts set out in his § 1983 Complaint were not true and correct when he made that affirmation. In particular, Howard was well aware that the *Taylor* Action was not the only lawsuit he had filed "in state or federal court relating to [his] imprisonment."  The Report and Recommendation accurately identified a previous § 1983 action that Howard filed in this District Court relating to the term of imprisonment he is currently serving.  In Civil Action No. 16-0319-WS-B, Howard sued a collection of Alabama Supreme Court Justices "for declining to do justice which is given and to usurp that which is not given," and thereby committing "treason to the Constitution." (Civil Action 16-0319, doc. 1, at 5.)  Howard signed his complaint in Civil Action No. 16-0319

---

[1] Review of the docket sheet reflects that in the *Taylor* Action, which remains pending today, Howard has sued various Alabama judges and other court officials under § 1983 "for treason to the U.S. Constitution" resulting in "Plaintiff Howard … being forced into slavery" when they "declined to exercise their jurisdiction which was given than to usurp that which was not given" and "upheld life sentence" in his underlying criminal proceedings.  The Middle District of Alabama granted *in forma pauperis* status to Howard in the *Taylor* Action, and he has made an initial filing fee payment of $5.83.

on June 21, 2016, and it was filed in this District Court three days later. This June 2016 civil action was dismissed without prejudice on October 11, 2016, for failure to comply with judicial directives that Howard file an amended complaint fleshing out his claims against the named defendants and either pay the $350 filing fee or file an IFP motion by certain specified deadlines. Less than three weeks after the June 2016 civil action was dismissed, Howard filed the instant § 1983 Complaint, wherein he failed to disclose the existence of the June 2016 civil action. This is so despite his certification under penalty of perjury that the facts presented in his pleading were true and correct.

Because Howard seeks to proceed in this action *in forma pauperis*, his Complaint is subject to dismissal "at any time if the court determines that … the action … is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Courts have concluded that an indigent plaintiff's failure to disclose prior cases can qualify as "malicious" for purposes of § 1915(e)(2)(B).[2] The record is clear that Howard failed to disclose the June 2016 civil action in his form § 1983 complaint in this action, even though (i) he was obviously aware of it, and (ii) that action was one "relating to [his] imprisonment" such that it clearly fell within the ambit of the information Howard was required to disclose in Section I of the form pleading.

Applicable case law directs that an appropriate consideration in determining whether dismissal is an appropriate sanction for a § 1983 plaintiff's lack of candor in reciting his

---

[2] *See, e.g., Schmidt v. Navarro*, 576 Fed.Appx. 897, 898 (11th Cir. Aug. 12, 2014) (affirming district court's dismissal of complaint as "malicious" under § 1915(e)(2)(B)(i) where plaintiff had failed to "disclose two prior federal actions on his standard prisoner complaint form"); *Shelton v. Rohrs*, 406 Fed.Appx. 340, 340-41 (11th Cir. Dec. 15, 2010) (affirming dismissal of complaint under § 1915(e)(2)(B)(i) where plaintiff "checked 'no' to the question on the complaint form asking whether he had filed any other actions" but "[t]he court's case management system showed that Shelton had filed at least four previous civil actions"); *Hastings v. Crist*, 2009 WL 1974034, *2 (N.D. Fla. July 8, 2009) ("the case at bar should be summarily dismissed for Plaintiff's failure to disclose all of his prior cases …. His efforts to conceal that information [are] malicious."); *see generally Hines v. Thomas*, 604 Fed.Appx. 796, 799 (11th Cir. Mar. 2, 2015) ("A finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal under § 1915(e)(2)(B)(i)."); *Jackson v. Florida Dep't of Corrections*, 491 Fed.Appx. 129, 132 (11th Cir. Oct. 4, 2012) ("Under penalty of perjury, and knowing that failure to disclose these cases could lead to dismissal of his claims in the instant suit, Jackson failed to disclose them. It was not an abuse of discretion for the court to sanction him based on his omissions, especially since his claims were dismissed without prejudice, allowing Jackson opportunity to refile the same claims involved in the instant suit.").

litigation history is whether any attempt to refile the claim would be time-barred. *See, e.g., Schmidt v. Navarro*, 576 Fed.Appx. 897, 898-99 (11th Cir. Aug. 12, 2014) ("Where, however, a dismissal without prejudice has the effect of precluding the plaintiff from refiling his complaint because the statute of limitations has run, it is tantamount to a dismissal with prejudice. … Dismissal with prejudice is a drastic sanction to be used only where lesser sanctions are not appropriate."); *Shelton v. Rohrs*, 406 Fed.Appx. 340, 341 (11th Cir. Dec. 15, 2010) (no abuse of discretion for district court to dismiss § 1983 complaint for abuse of judicial process where plaintiff failed to identify prior civil actions, because "the court dismissed without prejudice; Shelton may refile his complaint with a correct response to the questions asked"). All appearances are that the claims Howard is attempting to assert in this action accrued sometime in July 2016 and/or September 2016; as such, the relevant two-year limitations period[3] has not expired, and Howard is free to refile his complaint as a new civil action with complete, accurate answers to questions concerning his litigation history.

      In light of the foregoing, the Court agrees with the Report and Recommendation that Howard abused the judicial process and that his Complaint is due to be dismissed without prejudice as malicious pursuant to 28 U.S.C. § 1915(e)(2)(b)(i).[4] Plaintiff's Objections (doc. 11)

---

[3] *See, e.g., McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. … [I]n Alabama … the governing limitations period is two years."); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) ("the two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 actions in Alabama"); *Hutcherson v. Riley*, 2006 WL 2989214, *5 n.7 (S.D. Ala. Oct. 18, 2006) ("The statute of limitations for § 1983 claims is determined by reference to the applicable state law period for personal injury torts, which in Alabama is two years.").

[4] In so concluding, the Court rejects Howard's position that he "did not lie under the penalty of perjury" because the June 2016 action had been dismissed before this Complaint was filed. (Doc. 11, at 2.) The form § 1983 Complaint does not limit the inquiry (and the plaintiff's disclosure obligation) to only those prior lawsuits relating to a plaintiff's imprisonment that remain pending at the time the new complaint is filed; to the contrary, Section I specifically requires disclosure of all "other lawsuits in state or federal court relating to your imprisonment" and includes a line item requiring that "[i]f your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed." (Doc. 1, § I.6.) The Court readily concludes that Howard did knowingly misrepresent his litigation history under penalty of perjury, which constitutes an abuse of judicial process warranting dismissal of this case as malicious.

are **overruled**.  It is **ordered** that this action be **dismissed without prejudice** as malicious, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DONE and ORDERED this 23rd day of February, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
